No. 25152.

THE PEOPLE OF THE STATE OF COLORADO *v.* SUSAN DROMMOND AND LYNN DOMENICO.
(485 P.2d 883)

Decided June 14, 1971.

STANLEY F. JOHNSON, District Attorney, RALPH S. JO-
SEPHSOHN, Deputy, for plaintiff-appellee.

BLEWITT, BISBEE & GEIL, DENNIS L. BLEWITT, for de-
fendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal from an order denying
a motion to suppress evidence. We affirm the court's
ruling.

An apartment in Boulder, Colorado was searched under
a search warrant. Considerable quantities of LSD were
seized. The district attorney states in his brief:

"The context surrounding the arrest indicate [sic] that
the defendants were present in the premises searched
at the time of the execution of the warrant, and that by
virtue of evidence obtained from the premises, and under
the direction of the warrant, the defendants were ar-
rested."

The defendants argue that the warrant and the affi-
davit upon which it was based were defective for a
number of reasons. The district attorney has answered
most of these arguments.

The motion to suppress reads as follows:

"COME NOW the Defendants above named ... and re-
spectfully move this court to suppress any and all evi-
dence in the above-captioned matter. As reason for so
moving, Defendants state as follows:

"1. The search and seizure of the vehicle was not pur-

suant to a lawful arrest and that no consent was given by the Defendants for said search.

"2. That no probable cause existed for the arrest of the Defendants and that any statements or evidence obtained from them by the arresting officers was illegally obtained and would violate the Defendants' constitutional rights if said evidence were presented.

"WHEREFORE, Defendants pray the Court to suppress the evidence as aforesaid."

■ Nothing has been presented to support the grounds stated in the motion to suppress. A search and seizure of a vehicle was not involved. The matter of probable cause for the arrest has not been argued. The matter of any statements made by the defendants is not involved. As indicated by the district attorney, the evidence was not "obtained from" the defendants, but rather was obtained from the premises at which the defendants were present.

We have been unable to find any reference to the motion to suppress in either brief. In spite of the issues raised in the briefs and of the fact that the district attorney does not mention the matter of the lack of relation of the motion to this case, the only determination that the trial court could make and the only ruling available to us is whether this particular motion should have been granted or denied.

Ruling affirmed.